**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ARTHUR and ZEZALEE SMALLS** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. <u>15-2091</u>** |
| **DALLAS, FT WORTH** | § | |
| **INTERNATIONAL AIRPORT** | § | |
| **BOARD (DFW), DELTA AIR LINES,** | § | |
| **INC., and JOHN DOE,** | § | |
| | § | |
| **Defendants** | § | |

## <u>DELTA AIR LINES, INC.'S NOTICE OF REMOVAL</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Delta Air Lines, Inc. ("Delta") files this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1441, 1446, and Local Rule 81.1, and hereby removes this action from the 95th Judicial District Court, in Dallas County, Texas, respectfully showing as follows:

### I.  NATURE OF ACTION

1.     This is a personal injury action in which plaintiff seeks recovery for alleged bodily injuries and mental anguish purportedly sustained on February 13, 2015, while being transported through Dallas Fort Worth International Airport.

2.     Complete diversity exists between the Plaintiffs and Defendants.

### II. REMOVAL JURISDICTION

3.     Delta timely filed this Notice of Removal within thirty (30) days of receipt of Plaintiff's Original Petition and Citation pursuant to 28 U.S.C. § 1446(b). Delta's registered

agent for service received a copy of Plaintiff's Original Petition on May 22, 2015. Accordingly, Delta's Notice of Removal is due to be filed on or before June 21, 2015. *See* 28 U.S.C. §1446(b).

4.     The United States District Court for the Northern District of Texas possess jurisdiction by reason of diversity jurisdiction under 28 U.S.C. §1332 and this Court is the proper Court in which to remove this action because this district and division embrace the place in which the removed action was pending. *See* 28 U.S.C. § 1441(a).

5.     The citizenship status of Plaintiff for purposes of removal is South Carolina, as may be determined from Plaintiff's Original Petition ¶ 4.

6.     At the time the Petition was filed, and at the time of removal, Delta Air Lines, Inc. was and is a corporation incorporated and existing under the laws of the State of Delaware, with its principal place of business at its headquarters in Atlanta, Georgia. See Plaintiff's Original Petition ¶ 6. Delta Air Lines, Inc. is not a citizen of the State of Texas. *See, e.g., Avalos v. Continental Airlines, Inc.,* Civil Action No. H-11-711, 2011 WL 2357374 (S.D. Tex. June 10, 2011).

7.     At the time the Petition was filed, and at the time of removal, Dallas/Ft. Worth International Airport Board was and is a governmental entity.  See Plaintiff's Original Petition ¶ 5.

8.     Defendant DFW filed its Original Answer, Plea to the Jurisdiction, Special Exceptions, and Defenses on June 19, 2015.  Defendant Delta filed its Original Answer on June 19, 2015.

9.     In Defendant DFW's Original Answer, DFW asserted its sovereign immunity in its Plea to the Jurisdiction.  See Defendant's Original Answer, Plea to the Jurisdiction, Special

Exceptions, and Defenses ¶ 2-5 and 8-9.  Accordingly, the litigation against DFW should be dismissed.  *See id.*

10.    In the alternate, this matter occurred on premises controlled by Delta.  As such, DFW is an improper party and litigation against DFW should be dismissed.

11.    Because Plaintiff's petition does not state any ground upon which it may recover from DFW, there is no cause of action against DFW, and DFW is improperly joined.  *See Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571 (5th Cir. 2006).  The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.  *Id* at 574.

12.    Because DFW is improperly joined, federal removal jurisdiction premised on diversity cannot be defeated by its presence under the argument that it is non-diverse or an in-state defendant.  *Id.*  Moreover, in the case of improper joinder, there is no requirement to obtain consent for removal from the improperly joined codefendant.  *Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993).

13.    Plaintiff's Original Petition claims monetary damages of at least one million dollars. "Plaintiff states that the monetary relief sought is over $1,000,000.00." Plaintiff's Original Petition ¶ 2.

14.    Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and may be removed to this Court by Delta pursuant to 28 U.S.C. s 1441(a).

15.    Delta has complied with all applicable provision of 28 U.S.C. § 1441 and § 1446, the applicable Federal Rules of Civil Procedure, and the Local Rules of this Court.

16.    Pursuant to Local Rule 81, copies of all required documents are attached to this Notice of Removal as follows:

a.  Exhibit A – Civil Cover Sheet;

b.  Exhibit B – Supplemental Cover Sheet;

c.  Exhibit C – Index of Matters Being Filed;

d.  Exhibit D – Docket Sheet;

e.  Exhibit E – Plaintiff's Original Petition;

f.  Exhibit F – Proof of Service (Process);

g.  Exhibit G – Defendant Dallas/Fort Worth International Airport Board's Original Answer, Plea to the Jurisdiction, Special Exceptions, and Defenses

h.  Exhibit H – Defendant Delta's Original Answer

i.  Exhibit I – List of all Counsel of Record

j.  Exhibit J – DFW Notice of Consent to Removal.

17.     Delta Air Lines, Inc. gives written notice of this filing as required by 28 U.S.C. § 1446(d).

18.     A copy of this notice will be filed with the clerk of the 95th Judicial District Court of Dallas County, Texas as required by 28 U.S.C. § 1446(d).

### III. CONCLUSION

WHEREFORE, Defendant Delta Air Lines, Inc. respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

STEPP & SULLIVAN, P.C.

By: _/s/ Dennis J. Sullivan_
      Jad J. Stepp
      State Bar No. 19169100
      Dennis J. Sullivan
      State Bar No. 19473750
      1010 Lamar, Suite 810
      Houston, TX 77002
      Telephone: (713) 336-7200
      Facsimile: (713) 336-7250
      E-mail:  dsullivan@ss-pc.com

**ATTORNEYS FOR DEFENDANT**
**DELTA AIR LINES, INC.**

Subject to and without waiving the assertion of improper joinder, Dallas, Ft. Worth International Airport Board joins in Delta Air Lines, Inc.'s Notice of Removal.

Respectfully submitted,

STEPP & SULLIVAN, P.C.

By: _/s/ Dennis J. Sullivan_
      Jad J. Stepp
      State Bar No. 19169100
      Dennis J. Sullivan
      State Bar No. 19473750
      1010 Lamar, Suite 810
      Houston, TX 77002
      Telephone: (713) 336-7200
      Facsimile: (713) 336-7250
      E-mail:  dsullivan@ss-pc.com

**ATTORNEYS FOR DEFENDANT**
**DALLAS, FT. WORTH**
**INTERNATIONAL AIRPORT BOARD**

\

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2015, a copy of the foregoing document was filed electronically using the Court's Electronic Case Filing System and Defendants' Notice of Removal was filed with the clerk of the state court. Notice of this filing will be sent electronically to counsel of record using the Court's electronic notification system. Parties may access this filing through the Court's Electronic Case Filing System.

***Via ECF***
Julie Wolf
MODJARRAD ABUSAAD SAID, LAW FIRM
212 West Spring Valley Road
Richardson, Texas 75081

*/s/ Dennis J. Sullivan*
Dennis J. Sullivan